DENNIS L. CARTER AND BLANCA CARTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 21827-92
United States Tax Court
T.C. Memo 1993-610; 1993 Tax Ct. Memo LEXIS 619; 66 T.C.M. (CCH) 1684; December 21, 1993, Filed *619 For respondent: Stephen J. McFarlane. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121 [1] solely with respect to the additions to tax due to fraud asserted against Dennis L. Carter. Rule 121(a) provides that either party may move for summary judgment as to all or any part of the legal issues in controversy. Rule 121(b) provides for summary adjudication if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. . On June 24, 1992, respondent issued 2 notices of deficiency to Dennis L. Carter. In one of such *620 notices, respondent determined deficiencies in Dennis L. Carter's 1984, 1985, and 1986 Federal income taxes, as well as additions to tax under sections 6653(b)(1) and 6653(b)(1)(A) and (B), and 6654. In the other notice, respondent determined deficiencies in Dennis L. Carter's 1987 and 1988 Federal income taxes, as well as additions to tax under sections 6653(b)(1), (b)(1)(A), (b)(1)(B), and 6654. Also on June 24, 1992, respondent issued a notice of deficiency to Blanca Carter, the wife of Dennis L. Carter during all years at issue, determining deficiencies in her 1984, 1985, and 1986 Federal income taxes, as well as additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), 6653(a)(1)(A) and (B), and 6654. On September 22, 1992, Dennis L. and Blanca Carter (petitioners) mailed a letter to the Court which we accepted as a petition for the notices sent to them. On December 2, 1992, petitioners filed a document which we accepted as petitioners' amended petition. In the amended petition, petitioners allege, inter alia, that during the years 1984 through 1988, they were nonresident aliens, they did not receive any income within the United States, and they did not receive any *621 income without the United States that was effectively connected with the conduct of a trade or business within the United States. Respondent filed an answer to the amended petition on January 19, 1993, denying petitioners' allegations of error and alleging facts to sustain the issue of fraud (to which respondent has the burden of proof). Because petitioners failed to timely reply to respondent's answer to the amended petition, as permitted under Rule 37(a), respondent, on March 12, 1993, filed a motion for entry of an order that the undenied allegations set forth in the answer to the amended petition be deemed admitted under Rule 37(c). That same day, we sent petitioners a notice of filing of respondent's motion, and informed them that respondent's motion would be granted and all affirmative allegations in respondent's answer to the amended petition would be deemed admitted, unless they replied by April 1, 1993. Petitioners did not file a reply, and, on April 12, 1993, we granted respondent's motion. The material facts deemed admitted show: (1) From 1984 through 1988, Dennis L. Carter was selfemployed; he was in the business of providing dust control services through the use *622 of a water truck; (2) from 1984 though 1988, Dennis L. and Blanca Carter resided in the State of Arizona. All income earned by Mr. Carter was community property; (3) Dennis L. and Blanca Carter failed to file Federal income tax returns for taxable years 1984 through 1988; (4) from 1984 through 1988, Dennis L. Carter's 50 percent community property share of net business income was at least the following: 1984
$ 18,123
1985
19,086
1986
20,099
1987
10,741
1988
7,147
(5) Dennis L. Carter willfully refused to cooperate with IRS agents in determining his income for the taxable years 1984 through 1988; (6) during 1987 and 1988, Dennis L. Carter attempted to conceal his income by depositing bank receipts in a nominee offshore trust account; (7) Dennis L. Carter had underpayments of tax for taxable years 1984 through 1988; and (8) the underpayments of tax for taxable years 1984 through 1988 were due to fraud. On October 25, 1993, petitioners' case was called for trial. Petitioners failed to appear at trial, present any evidence as to which they have the burden of proof, or otherwise properly prosecute their case. Consequently, we granted respondent's motion to dismiss *623 for lack of prosecution regarding all matters on which petitioners bear the burden of proof, namely the underlying tax deficiencies and all the additions to tax except for those relating to fraud. Now we are asked to determine whether Dennis L. Carter is liable for the additions to tax due to fraud. For taxable years 1984 and 1985, section 6653(b)(1) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. For taxable years 1986 and 1987, section 6653(b)(1)(A), and for taxable year 1988, section 6653(b)(1), provide that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment attributable to fraud. Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. ; , revg. ; . *624 The Commissioner bears the burden of proving, by clear and convincing evidence, that a taxpayer is liable for the additions to tax due to fraud. Sec. 7454(a). This burden is met by showing there is an underpayment of tax, and that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. [2], affg. ; ; ; . In the present case, for each *625 of the 5 years at issue, there was an underpayment of tax; thus, the only question is whether such underpayments were due to fraud. The existence of fraud is a factual question to be decided upon a consideration of the entire record. ; . Fraud is never presumed but must be established by affirmative evidence. . Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence. ; , affd. without published opinion . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; ; . *626 Courts have relied on a number of indicia (or badges) of fraud in deciding civil tax fraud cases. Although no single factor is necessarily sufficient to establish fraud, the existence of several indicia is persuasive evidence. Consistent and substantial understatements of large amounts of taxable income over a period of years have been held to be strong evidence of fraud. , affg. ; , affg. ; . However, the mere failure to report income is not sufficient to establish fraud. ; . Respondent has herein shown the existence of several indicia of fraud. Dennis L. Carter failed to file tax returns for 5 years; consequently, he failed to report substantial amounts of selfemployment income. Additionally, *627 he failed to furnish the Government with access to his records and he attempted to conceal his income. These actions are indicative of an attempt by petitioner to evade the payment of income taxes known to be due and owing. Viewing the record as a whole, we conclude that respondent has, by clear and convincing evidence, proved that Dennis L. Carter is liable for the additions to tax due to fraud for each of the 5 years involved. Accordingly, we sustain respondent's determination that Dennis L. Carter is liable for the additions to tax due to fraud under section 6653(b)(1) for 1984, 1985, and 1988, under section 6653(b)(1)(A) for 1986 and 1987, under section 6653(b)(2) for 1984 and 1985, and under section 6653(b)(1)(B) for 1986 and 1987. To reflect the foregoing and the granting of respondent's motion to dismiss for failure to properly prosecute, An appropriate Order and Order of Dismissal and Decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. An underpayment for purposes of sec. 6653(b) equals the amount of tax imposed if a return is not filed on or before the last day prescribed for filing. Sec. 6653(c); sec. 301.6653-1(c)(1)(ii), Proced. & Admin. Regs.↩